| | |
|---|---|
| BABU SUBRAMANIAM, M.D., | |
| Plaintiff, | 1:09-cv-93 |
| v. | |
| ROBERT CENTENO, M.D., ST. CROIX DISTRICT GOVERNING BOARD OF DIRECTORS, JUAN F. LUIS HOSPITAL, AND MEDICAL CENTER, A DIVISION OF THE GOVERNMENT OF THE VIRGIN ISLANDS, | |
| Defendants. | |

TO: Lee J. Rohn, Esq.
     Royette Russell, Esq.
     Edward L. Barry, Esq.

**ORDER DENYING ASSOCIATION OF HOSPITAL
EMPLOYED PHYSICIANS' MOTION TO INTERVENE**

THIS MATTER came before the Court upon Association of Hospital Employed Physicians' Motion to Intervene (Docket No. 34). Defendant Robert Centeno, M.D., filed an opposition to said motion. Plaintiff, Babu Subramaniam, M.D., filed a notice of no opposition. The time for filing a reply has expired.

Defendant Centeno, in his role as Acting Medical Director, is the former manager of Plaintiff. Plaintiff has filed this action alleging illegal employment termination by

Defendants. Proposed Intervenor, Association of Hospital Employed Physicians (AHEP), seeks to intervene in the above-captioned matter to protect any interest it has or may have in the outcome of the case as it relates to the Collective Bargaining Agreement (CBA) negotiated between Proposed Intervenor and Defendant Hospital. Defendant Centeno opposes Proposed Intervenor's Motion on the grounds that it is procedurally misplaced and the matter belongs in arbitration.

**DISCUSSION**

Proposed Intervenor brings its Motion to Intervene pursuant to Fed. R. Civ. P. 24(a)(2).[1] Motion at 22.. That rule provides, in relevant part:

> On timely motion, the court must permit anyone to intervene who: . . . (2) claims an interest relating to the property or transaction that is the subject of the action, and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest, unless existing parties adequately represent that interest.

Fed. R. Civ. P. 24(a)(2). It follows, then, that the four-part test for determining intervention of right includes: whether "(1) the application for intervention is timely; (2) the applicant has a sufficient interest in the litigation; (3) the interest may be affected or impaired, as a practical matter by the disposition of the action; and (4) the interest is not adequately

---

1. Subsection (a) of Rule 24 governs "intervention of right." Subsection (b) of Rule 24 regulates "permissive intervention." Proposed Intervenor cites only subsection (a) in support of his Motion. Consequently, the Court will not consider whether permissive intervention may be appropriate.

represented by an existing party in the litigation." *Brody v. Spang,* 957 F.2d 1108, 1115 (3d Cir.1992) (citing *Harris v. Pernsley*, 820 F.2d 592, 596 (3d Cir. 1987)). As Proposed Intervenor correctly notes, "each of these requirements must be met to intervene as of right." Motion at 23 (citing *Harris*, 820 F.2d at 596).

**I.     Timeliness**

It is true that the "mere lapse of time by itself does not make an application [to intervene] untimely," Charles Alan Wright, Arthur R. Miller, and Mary Kay Kane, 7C *Federal Practice & Procedure Civil 2d* § 1916 (1986). In this jurisdiction, timeliness is "measured from the point at which the applicant knew, or should have known, of the risk to its rights." *United States v. Alcan Aluminum, Inc.*, 25 F.3d 1174, 1183 (3d Cir. 1994) (cited in *Mountain Top Condo. Ass'n v. Dave Stabbert Master Builder, Inc.*, 33 V.I. 311, 326, 72 F.3d 361, 370 (3d Cir. 1995)). Moreover, "[t]he point at which the applicant should have known its rights were at risk is usually a factual determination." *Alcan Aluminum*, 25 F.3d at 1183.

This matter was commenced on November 13, 2009. Proposed Intervenor filed its Motion to Intervene on April 1, 2010. During the approximately five (5) months the matter was pending prior to the filing of the said motion, the only actions that occurred were the filing of a Motion to Dismiss and a Motion to Stay Discovery by Defendants. Proposed Intervenor also was barred from the action until after it had exhausted all administrative

remedies which allegedly occurred on March 10, 2010. Motion at 24. Consequently, the Court determines that the Motion to Intervene is timely.

Pragmatically, the Court considers whether allowing Proposed Intervenor to intervene would cause prejudice to the parties and any on-going negotiations. *Mountain Top Condo. Ass'n*, 33 V.I. at 324. In this case, since Proposed Intervenor had been party to the grievance and resolution (Step 1) negotiations and would be party to any arbitration hearings, per Plaintiff's employment contract and the CBA, allowing Proposed Intervenor to intervene would not prejudice nor hinder settlement of this case.

## II. <u>Sufficient Interest in the Litigation</u>

It is well-established that intervention of right may be granted only upon a showing of a significant, legally protectable, and direct interest in the litigation. *See, e.g., Harris*, 820 F.2d at 596 (citations omitted). In this jurisdiction, a significantly protectable interest is defined as "'a legal interest as distinguished from interests of a general and indefinite character.' . . . The applicant must demonstrate that there is a tangible threat to a legally cognizable interest to have the right to intervene." Motion at 24 (quoting *Harris*, 820 F.2d at 601 (citations omitted) (cited in *Mountain Top Condo. Ass'n.*, 33 V.I. at 318)).

Proposed Intervenor argues that enforcement of the CBA and its members' due process and contract rights is a significantly protectable interest. The Court agrees.

Violations of the CBA procedures are alleged in the pleadings (Counts II, III, and V) and therefore the CBA will be interpreted by this Court as to those alleged violations. However, Proposed Intervenor's significantly protectable interest could be identical to and adequately represented by Plaintiff.

### III. <u>Impaired or Affected Interest</u>

As for the third requirement under Rule 24(a)(2), Proposed Intervenor "must also demonstrate that their interest might become affected or impaired, as a practical matter, by disposition of the action in their absence." *Mountain Top Condo. Ass'n*, 33 V.I. at 322. Proposed Intervenor "must demonstrate a tangible threat to its legal interest." *Alcan Aluminum*, 25 F.3d at 1185 n.15 (internal quotation marks and citations omitted).

In the case at bar, Proposed Intervenor's interest is in protecting the CBA. There is no threat to the CBA in this matter. The questions of law relating to the CBA involve its interpretation and not its validity. As such, Proposed Intervenor does not have a tangible threat to its legal interest, and its legal interest is unlikely to become affected or impaired.

### IV. <u>Inadequate Representation</u>

The Court accepts the principle that "[i]f the application shows that representation of [the proposed intervenor's] interest may be inadequate . . . the burden of making the showing should be treated as minimal." Motion at 25 (quoting *Trbovich v. United Mine*

*Workers*, 404 U.S. 528, 538 n.10 (1972)). However, as Proposed Intervenor itself quotes, "'The most important factor in determining adequacy of representation is how the interest of the absentee compares with the interest of the present parties. If the interest of the absentee is not represented at all, or if all existing parties are adverse to him, then he is not adequately represented.'" Motion at 25 (quoting *Mountain Top Condo. Ass'n*, 72 F.3d at 368-69). Arguably, Plaintiff could be seen to represent Proposed Intervenor's interest given that Plaintiff was a representative and member of Proposed Intervenor prior to his termination. The Court's interpretation of the CBA as it relates to Courts II, III, or V of the Complaint will be applied to Plaintiff and to all the members of Proposed Intervenor. Therefore, Proposed Intervenor cannot show that its interests are "not represented at all." *Mountain Top Condo. Ass'n*, 72 F.3d at 368.

Proposed Intervenor asserts that its and Plaintiff's interests are not identical in this particular matter. The Court disagrees. The interests of both parties in the matter at bar are the same, to wit: to interpret the CBA in their favor in this dispute with Defendants. The narrow facts here presented mean that any interpretation of the CBA in this case will apply to both the Plaintiff and the members of the Proposed Intervenor alike. There is no question of the validity of the actual CBA, if this were the case then there would be grounds for a divergence of interests. *EEOC v. American Tel. & Tel. Co.*, 506 F.2d 735, 741-42

(3d Cir. 1974). But, again, Plaintiff and Defendants are in agreement that the CBA exists although each is alleging the other has violated it. Because any interest Proposed Intervenor has or may have is identical to Plaintiff's, "there must be a concrete showing of circumstances in the particular case that make the representation inadequate." Charles Alan Wright, Arthur R. Miller, and Mary Kay Kane, 7C *Federal Practice & Procedure Civil 2d* § 1909 (1986). Here, Proposed Intervenor has failed to make such a showing. As a result, the Court is compelled to find that representation of Proposed Intervenor is adequate and that Proposed Intervenor is not entitled to intervene as of right.

## **CONCLUSION**

Proposed Intervenor's purported interest in the action concerns the underlying Collective Bargaining Agreement. As such, Proposed Intervenor's interest in the litigation is direct, substantial, or legally protectable. However, Proposed Intervenor has failed to show how its interests are not adequately protected by Plaintiff in this matter. Consequently, Proposed Intervenor has not established the requisites for intervening as of right pursuant to Fed. R. Civ. P. 24(a)(2).

WHEREFORE, based upon the foregoing, it is now hereby **ORDERED** that Association of Hospital Employed Physicians' Motion to Intervene (Docket No. 34) is **DENIED**.

ENTER:

Dated: June 3, 2010                             /s/ George W. Cannon, Jr.
                                                GEORGE W. CANNON, JR.
                                                U.S. MAGISTRATE JUDGE